UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHING P. CHANG,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>CITIBANK,<br><br>　　　　　Defendant. | Case No. 25-cv-04162-JST<br><br>**ORDER DENYING MOTION FOR LEAVE TO FILE A SUR-REPLY**<br><br>Re: ECF No. 30 |

Before the Court is Plaintiff Ching P. Chang's motion for leave to file a sur-reply based on "new evidence and clarifications from my personal files." ECF No. 30 at 1. Defendant Citibank did not file a response to Chang's motion.

"Parties do not have the right to file sur[-]replies and . . . [t]he Court generally views motions for leave to file a sur[-]reply with disfavor." *Garcia v. Biter*, 195 F. Supp. 3d 1131, 1133–34 (E.D. Cal. 2016) (citing *Hill v. England*, No. CVF05869 REC TAG, 2005 WL 3031136, at *1 (E.D. Cal. 2005)). "Although the court may in its discretion permit the filing of a sur-reply, this discretion should be exercised in favor of allowing a sur-reply only where a valid reason for such additional briefing exists, such as where the movant raises new arguments in its reply brief." *Warren v. City of Chico*, No. 2:21-CV-00640-DAD-DMC, 2024 WL 4803960, at *1 (E.D. Cal. Nov. 15, 2024) (citation and quotation omitted).

The Court finds that the circumstances here do not warrant a sur-reply. The motion before the Court is one to dismiss the complaint for failing to state a claim for which relief may be granted. Fed. R. Civ. P. 12(b)(6). In deciding that motion, the Court only considers the facts as alleged the complaint. *Lewis v. SF Bay Area Rapid Transit Dist.*, No. 25-cv-00869-RS, 2025 WL 1785765, at *3 (N.D. Cal. June 27, 2025). The Court must "accept all factual allegations *in the*

1  *complaint* as true and construe *the pleadings* in the light most favorable to the nonmoving party."

2  *Knievel v. ESPN*, 393 F.3d 1068, 1072 (9th Cir. 2005) (emphasis added). "As a general rule,

3  parties can't present (and courts can't consider) evidence outside of the complaint when deciding a

4  Rule 12(b)(6) motion to dismiss." *Hsu v. Puma Biotechnology, Inc.*, 213 F. Supp. 3d 1275, 1280

5  (C.D. Cal. 2016).

6      There also is no other basis for the filing of a sur-reply. While sometimes "a valid reason

7  for such additional briefing exists, such as where the movant raises new arguments in its reply

8  brief," *Warren*, 2024 WL 4803960, at *1, no such circumstances are present here.

9      For the foregoing reasons, the Court denies Chang's request for leave to file a motion for a

10 sur-reply.

11 **IT IS SO ORDERED.**

12 Dated: November 12, 2025



JON S. TIGAR
United States District Judge