UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHING P. CHANG,<br><br>        Plaintiff,<br><br>v.<br><br>CITIBANK,<br><br>        Defendant. | Case No. 25-cv-04162-JST<br><br>**ORDER GRANTING MOTION TO DISMISS**<br><br>Re: ECF No. 15 |

Before the Court is Defendant Citibank's motion to dismiss Plaintiff Ching Chang's complaint. The Court will grant the motion.

## I.     BACKGROUND

Mr. Chang is over the age of 80 and holds a deposit account at Citibank. ECF No. 1 ¶ 5; ECF No. 23 at 44.[1] On June 10, 2022, Mr. Chang was contacted by someone identifying themselves as a Citibank employee named "John." ECF No. 1 ¶ 5; ECF No. 15-9 at 2, ECF No. 23 at 4. Chang gave "John" remote access to his computer and while "John" had remote access to Chang's computer, Chang entered his debit card number and password, and a payee named Xu Gao was added for a $49,000 wire transfer. ECF No. 15-9 ¶ 4; ECF No. 1 ¶ 5; ECF No. 23 at 4. Citibank evaluated the June 10, 2022, transaction for fraud and confirmed the request was made from a Windows device associated with Chang since September 11, 2020. ECF No. 15-9 ¶ 5. Citibank then emailed Chang a fraud alert and received a non-fraud response. *Id.* ¶ 6. Citibank

---

[1] The Court may take judicial notice of materials filed in another tribunal, including those filings in an arbitration proceeding. *Rachford v. Air Line Pilots Ass'n, Int'l*, 284 F. App'x 473, 475 (9th Cir. 2008); *Glob. Indus. Inv. Ltd. v. Chung*, No. 19-CV-07670-LHK, 2020 WL 5355968, at *3–4 (N.D. Cal. Sept. 7, 2020). Further, the Court may consider the arbitrators' order and the arbitration materials since they are incorporated by reference into the complaint. *See Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005).

United States District Court
Northern District of California

also called the phone number on file for Chang, and the phone call recipient picked up but did not respond.[2]  ECF No. 1 at 29; ECF No. 15-9 at 4.  Following those verification attempts, Chang contacted Citibank and indicated that he did not authorize the transaction.  ECF No. 1 ¶ 6; ECF No. 15-9 at 2–3.  Citibank attempted to, but was unable to, retrieve the wire transfer and would not reimburse Chang for his lost funds.  ECF No. 1 ¶ 12.

On August 16, 2023, Chang filed an arbitration demand against Citibank, asserting causes of action arising out of this wire transfer, including claims under the Electronic Funds Transfer Act and for elder abuse.  ECF No. 15-4.  The arbitrator issued opinion dismissing Chang's claim on October 14, 2024.  ECF No. 15-9.  She found that Chang's EFTA claim failed because EFTA applies only to unauthorized transfers, and Chang gave "John" remote access to his account.  ECF 15-9 at 4–5.  Chang's elder abuse claim failed because there was no evidence that Citibank knew of John's fraudulent activities or assisted John in transferring the funds.  ECF No. 15-9 at 6.  The arbitrator found that Citibank followed reasonable security measures in attempting to detect fraud.  ECF 15-9 at 6–7.  Chang responded to the decision with a letter requesting reconsideration on October 18, ECF No. 23 at 41–44, but the arbitration was dismissed on October 21, 2024, ECF No. 15-10 at 2.  Chang also attempted to seek relief through complaints to the Consumer Financial Protection Bureau, in August 2022, and the Office of the Comptroller of the Currency, in January 2023, but those were unsuccessful.  ECF No. 1 at 13, 17, 25.

Chang filed six-count complaint in this court on May 14, 2025 for Financial Elder Abuse (Cal. Welf. & Inst. Code § 15610.30), fraud, negligence, breach of contract, California Unfair Competition (Cal. Bus. & Prof. Code § 17200), and violations of the Electronic Fund Transfer Act (15 U.S.C. § 1693).  ECF No. 1 ¶¶ 14–33.  Chang alleges facts regarding the wire transfer, the arbitration, alleged arbitrator misconduct, and newly discovered evidence.  ECF No. 1 ¶ 11; ECF No. 23 at 3–4.  He contends that he was subjected to an aggressive deposition and that Citibank failed to adequately respond to his discovery requests and submitted false evidence to the arbitrator.  ECF No. 1 ¶ 11.  Chang claims these circumstances equitably tolled the statute of

---

[2] Chang alleges that Citibank's allegations regarding the telephone call do not hold up to scrutiny because the phone at issue was inoperative.  ECF No. 1 ¶ 11.

1    limitations on his claim to vacate the arbitration award.  ECF No. 1 ¶ 13.

2    **II.    JURISDICTION**

3        This Court has jurisdiction under 28 U.S.C. § 1331.

4    **III.    LEGAL STANDARDS**

5        "Dismissal under Rule 12(b)(6) is appropriate only where the complaint lacks a cognizable

6    legal theory or sufficient facts to support a cognizable legal theory."  *Mendiondo v. Centinela*

7    *Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008).  To survive a motion to dismiss, "a

8    complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is

9    plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v.*

10   *Twombly*, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads

11   factual content that allows the court to draw the reasonable inference that the defendant is liable

12   for the misconduct alleged."  *Id.*  In determining whether a plaintiff has met the plausibility

13   requirement, a court must "accept all factual allegations in the complaint as true and construe the

14   pleadings in the light most favorable to the nonmoving party."  *Knievel v. ESPN*, 393 F.3d 1068,

15   1072 (9th Cir. 2005).

16   **IV.    DISCUSSION**

17       **A.    Vacate Arbitration Award**

18       A party to an arbitration proceeding wishing to vacate an arbitration award under the

19   Federal Arbitration Act must serve a notice of that motion on the adverse party or the party's

20   attorney within three months after the award is filed or delivered.  9 U.S.C. § 12.  Similarly, under

21   the California Arbitration Act, the losing party must serve notice of a motion to vacate not later

22   than 100 days after the award was served.  Cal. Code of Civ. P. § 1288.

23       The arbitration award was issued and served on October 21, 2024, and Chang filed his

24   complaint 205 days later.  Accordingly, Chang's complaint was untimely.  9 U.S.C. § 12 ("Notice

25   of a motion to vacate, modify, or correct an award must be served upon the adverse party or his

26   attorney within three months after the award is filed or delivered."); Cal. Civ. P. Code § 1288

27   (2024) ("A petition to vacate an award or to correct an award shall be served and filed not later

28   than 100 days after the date of the service of a signed copy of the award on the petitioner");

United States District Court
Northern District of California

*Stevens v. Jiffy Lube Int'l, Inc.,* 911 F.3d 1249, 1251–52 (9th Cir. 2018) (affirming dismissal of petition to vacate arbitration award where petition was filed one day late). The Court therefore denies Chang's petition to vacate the arbitration award. The Court also may not consider Chang's arguments that the award at issue was invalid due to fraud and misconduct, as those arguments relate to his claim to vacate the arbitration award under 9 U.S.C. § 10(a)(1). *See* ECF No. 23 at 5–6.

Chang argues that the three-month and 100-day deadlines were equitably tolled by an email to the AAA requesting reconsideration of the motion to dismiss. But the arbitration was closed three days after Chang requested reconsideration, putting Chang on notice that his motion for reconsideration was denied.

Chang also argues that these deadlines were equitably tolled by Citibank's representation that Citibank would review his case in the 30–60 days following his consumer complaint to the OCC. ECF No. 23 at 6, ECF No. 23 at 20 ("Our investigation may take up to 30–60 days, and you will be notified in writing with the final results under separate cover letter."). The letter expressed that Citibank had already reviewed Mr. Chang's claim and would consider the government agency complaint as an appeal. ECF No. 23 at 20. Chang cites no authority, however, and the Court is aware of none, providing that an internal review process such as Citibank's tolls the statute of limitations.

## B.    Res Judicata

"Res judicata, also known as claim preclusion, bars litigation in a subsequent action of any claims that were raised or could have been raised in the prior action." *W. Radio Servs. Co. v. Glickman*, 123 F.3d 1189, 1192 (9th Cir. 1997) (emphasis added). It requires "(1) an identity of claims, (2) a final judgment on the merits, and (3) identity or privity between parties." *Id.* "A claim may be dismissed under the doctrine of res judicata on a motion to dismiss under Rule 12(b)(6) when the Court is able to discern the relevant facts by way of judicial notice of the earlier court proceedings." *Opperwall v. Bank of Am., N.A.*, 561 B.R. 775, 780 (N.D. Cal. 2016), *aff'd*, 727 F. App'x 329 (9th Cir. 2018) (quoting *Rasooly v. Self*, No. 14-cv-04521-JSC, 2015 WL 3430092, at *2 (N.D. Cal. May 27, 2015)).

United States District Court
Northern District of California

1    In applying res judicata to an arbitration award, "[a district court] make[s] an examination

2    of the record . . . including any findings of the arbitrators.  [The district court] must decide whether

3    a rational factfinder could have reached a conclusion based upon an issue other than that which the

4    defendant seeks to foreclose." *Clark v. Bear Stearns & Co.*, 966 F.2d 1318, 1321 (9th Cir. 1992).

5    The party invoking preclusion bears the burden of showing with clarity and certainty what was

6    determined by the arbitrator.  *Id.* (citing *United States v. Lasky*, 600 F.2d 765, 769 (9th Cir.

7    1979)).  "It is not enough that the party introduce the decision of the prior court; rather, the party

8    must introduce a sufficient record of the prior proceeding to enable the trial court to pinpoint the

9    exact issues previously litigated." *Id.*

10    In this case, the claims are the same, the parties are the same, and the arbitration award

11    qualifies as a "final judgment on the merits."  Chang brought causes of action in this case that he

12    did not assert in the arbitration, including those for fraud, negligence, breach of contract, and a

13    claim under the California Unfair Competition law (Cal. Bus. & Prof. Code § 17200).  But the

14    factual claims underlying Chang's new causes of action are the same as those he presented to the

15    arbitrator:  Chang was deceived by a malefactor who commandeered Chang's computer to take

16    $49,000 from his bank account; Citibank contacted Chang and received a "no fraud" response;

17    Chang contacted Citibank thereafter to block the transaction, but despite Citibank's efforts, the

18    funds could not be retrieved.  These facts, as set forth in Chang's complaint, are the same as those

19    considered by the arbitrator in deciding Citibank's motion to dismiss.  *See* ECF No. 15-9.  For

20    preclusion purposes, the claims are the same.

21    The documents appended to Chang's complaint here are also the same types of records the

22    arbitrator considered in ruling on Citibank's motion to dismiss, including the correspondence

23    related to Chang's inquiry with the OCC, ECF No. 1 at 13, and his correspondence with Citibank.

24    ECF No. 1 at 39–42.  He filed the same press release the arbitrator considered in granting

25    Citibank's motion to dismiss, ECF No. 21 at 18–19, and the arbitrator's dismissal order, ECF No.

26    21 at 23–29.

27    Finally, any additional facts Chang asserts in this case that were not considered by the

28    arbitrator *could* have been asserted in the arbitration and, therefore, do not prevent the application

of res judicata. *Bear Stearns*, 966 F.2d at 1320. The Court dismisses any remaining claims as precluded by the arbitration award.

### C.    Dismissal With Prejudice

Under Federal Rule of Civil Procedure 15(a), leave to amend is freely given when justice so requires. The Court may, however, "exercise its discretion to deny leave to amend due to 'undue delay, bad faith or dilatory motive on part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party . . . , [and] futility of amendment.'" *Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 892 (9th Cir. 2010) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)). In this case, notwithstanding the liberal policy favoring leave to amend for pro se plaintiffs, *see Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995) (per curiam), the Court finds that amendment would be futile and thus denies leave to amend.

### CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss is granted with prejudice.

**IT IS SO ORDERED.**

Dated:  December 10, 2025

_____
JON S. TIGAR
United States District Judge